UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEONDRE LANGSTON,

    Plaintiff,

    v.                                  CAUSE NO. 3:20-CV-968-JD-MGG

LARRY MCDONALD, et al.,

    Defendants.

## OPINION AND ORDER

Deondre Langston, a prisoner without a lawyer, filed a complaint against Larry McDonald and Darrell Martin. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On October 18, 2020, Sgt. Darrell Martin referred to Langston as a "fucking gay ass homosexual." ECF 1 at 4. Langston responded by throwing fecal matter and urine at Sgt. Martin. Even though Langston remained in his cell, Sgt. Martin then sprayed Langston with oleoresin capsicum ("OC") spray. Langston was told to cuff up and was removed from his cell. He received no medical attention after being sprayed with OC.

As an initial matter, while offensive, the verbal harassment that Langston endured does not state a claim. "An Eighth Amendment claim based on the infliction of psychological pain on an inmate requires (1) objectively, sufficiently serious misconduct, and, (2) subjectively, an intent to wantonly inflict psychological pain for no legitimate purpose." *Snow v. List*, No. 11-CV-3411, 2014 WL 1515613 * 1 (C.D. Ill. April 17, 2014) (*citing Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

The use of OC spray when Langston remained in his cell, however, does state a claim. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Langston's allegations, when accepted as true, are sufficient to state a claim against Sgt. Martin for excessive force.

As for the alleged lack of medical care, the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*,

2

414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Giving Langston the benefit of the inferences that he is entitled to at this stage of the case, he will be permitted to proceed against Sgt. Martin on his claim that he was denied medical care following the use of OC spray on October 18th or 19th.

Around 12:30 a.m. on October 19, 2020, Langston was in the shower and Sgt. Larry McDonald was cleaning the feces and urine from Langston's cell. Langston alleges that the two were arguing and Sgt. McDonald swung the mop at Langston, hitting him in the face and getting excrement in his right eye. This ultimately caused him to become blind in that eye. These allegations, if true, amount to a malicious use of force, and Langston will be permitted to proceed against Sgt. McDonald on this claim.

Finally, Langston alleges that Sgt. McDonald threatened to rape him or have an inmate rape him. As noted earlier, to state a claim under the Eighth Amendment for infliction of psychological pain, a plaintiff must allege misconduct that is objectively sufficiently serious, along with a showing that the misconduct was intended to wantonly inflict psychological pain. *Snow*, 2014 WL 1515613 *1. In *Dobbey v. Illinois Department of Corrections*, the plaintiff alleged a white prison guard hung a noose from the ceiling in plain view of black inmates. 574 F.3d 443 (7th Cir. 2009). The guard swatted at the noose to make it swing back and forth, then sat down in a chair and

3

"crossed his arms looking crazy with evil eyes." *Id.* In analyzing whether the plaintiff stated a constitutional claim, the court was "mindful of the ugly resonance of the noose, symbolic of the lynching of blacks . . .." *Id.* Nevertheless, the court affirmed the dismissal, reasoning that racial harassment alone, with no realistic threat of harm, was not "cruel and unusual punishment" under Eighth Amendment standards. *Id.* at 446.

> Any harassment of a prisoner increases his punishment in a practical sense, if we equate punishment to the infliction of disutility (and why not?). But harassment, while regrettable, is not what comes to mind when one thinks of "cruel and unusual" punishment. Nor does it inflict injury comparable in gravity to failing to provide a prisoner with adequate medical care or with reasonable protection against the violence of other prisoners. The line between "mere" harassment and "cruel and unusual punishment" is fuzzy, but we think the incident with the noose and the "evil eyes" falls on the harassment side of the line because it was not a credible threat to kill, or to inflict any other physical injury. The case falls well short of *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him "nigger," and repeatedly threatened to shoot him, or *Irving v. Dormire, supra*, 519 F.3d at 449-50, where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *See also Northington v. Jackson, supra*, 973 F.2d at 1524.

*Dobbey*, 574 F.3d at 446. Even giving Langston the inferences to which he is entitled at this stage, the conduct he describes – while wholly inappropriate - does not fall over the line into an Eighth Amendment violation for cruel and unusual punishment.

For the foregoing reasons, the court:

(1) GRANTS Deandre Langston leave to proceed against Darrel Martin in his individual capacity for monetary damages for allegedly using excessive force against him on October 18, 2020, or October 19, 2020, when he sprayed Langston with OC spray while he was in his cell, in violation of the Eighth Amendment;

(2) GRANTS Deandre Langston leave to proceed against Darrel Martin in his individual capacity for monetary damages for allegedly denying Langston medical care

on October 18, 2020, or October 19, 2020, following the use of OC spray, in violation of the Eighth Amendment;

(3) GRANTS Deandre Langston leave to proceed against Larry McDaniel in his individual capacity for monetary damages for allegedly maliciously hitting him in the face with a mop containing excrement on October 19, 2020, leading to blindness in Langston's right eye, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) on Darrel Martin and Larry McDaniel at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if they have such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Darrel Martin and Larry McDaniel to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 23, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT