UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEONDRE LANGSTON,

Plaintiff,

v.

CAUSE NO. 3:20-CV-968-JD-MGG

LARRY MCDONALD, et al.,

Defendants.

OPINION AND ORDER

Deondre Langston, a prisoner without a lawyer, was granted leave to proceed against Sgt. Darrel Martin for allegedly using excessive force against him on October 18, 2020, or October 19, 2020, when he sprayed Langston with OC spray while he was in his cell, in violation of the Eighth Amendment. Langston was also granted leave to proceed against Sgt. Martin for allegedly denying Langston medical care following the incident, in violation of the Eighth Amendment. And, Langston was granted leave to proceed against Larry McDonald for allegedly maliciously hitting him in the face with a mop containing excrement on October 19, 2020, leading to blindness in Langston's right eye, in violation of the Eighth Amendment.

On March 11, 2021, Sgt. Martin filed a summary judgment motion arguing that Langston did not exhaust his administrative remedies before filing suit.[1] ECF 18. Sgt. Martin provided Langston the notice required by N.D. Ind. L.R. 56-1(f) and a copy of

---

[1] Larry McDonald did not move for summary judgment on the issue of exhaustion of administrative remedies, and he has withdrawn his exhaustion defense. ECF 22.

Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. ECF 21.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed, but Langston has not responded.[2] Therefore, the court will now rule on the motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin.*

---

[2] Sgt. Martin's initial attempt to serve Langston was unsuccessful because Langston was transferred to a different facility. However, Langston was served at his current address on April 8, 2021. ECF 24.

2

*Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . .." Fed. R. Civ. P. 56(e). Because Langston has not responded to the summary judgment motion, he has not properly addressed Sgt. Martin's assertions of fact and the court accepts the following facts as undisputed.

Under the Indiana Department of Correction's grievance policy in effect at the relevant time, successful completing of the grievance process consisted of three steps. ECF 20-1 at ¶¶ 5, 7; ECF 20-2. For the first step of the grievance procedure, an offender must submit a formal grievance using State Form 45471, "Offender Grievance," no later than 10 business days from the date of the incident giving rise to the complaint. ECF 20-1 at ¶ 8. The grievance is then reviewed by the Offender Grievance Specialist within ten business days and is either accepted and logged or rejected and returned to the offender with a Return of Grievance form. *Id.* at ¶ 9. If rejected, it is returned along with an explanation of why it is being returned. *Id.* If accepted, the grievance is forwarded to the applicable staff or supervisor to prepare a response within ten days. *Id.* at ¶ 11.

If an offender is dissatisfied with the response to an accepted formal grievance, he may appeal by completing State Form 45473, "Grievance Appeal."

*Id.* at ¶ 12. And, if dissatisfied with the response to the appeal, an offender must submit a final written grievance appeal. *Id.*

Offenders are provided with information regarding the grievance process during orientation, and copies of the Offender Grievance Process are available in the Law Library. *Id.* at ¶ 7. Langston's History of Grievances demonstrates he has submitted numerous formal grievances that have been accepted and logged. *Id.* at ¶ 13; ECF 20-3. However, none of his grievances relate to his complaints against Sgt. Martin. ECF 20-1 at ¶ 13. There are also no records of a formal grievance pertaining to these claims being submitted but returned to Langston. *Id.* at ¶ 14.

Prisoners are prohibited from bringing an action in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

4

Here, the undisputed facts show Langston did not file a formal written grievance related to his claims against Sgt. Martin. Moreover, there is no evidence suggesting that the administrative process was made unavailable to him. As a result, Langston did not exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted. This case will now proceed only on Langston's claim that Sgt. Larry McDonald maliciously hit him in the face with a mop containing excrement on October 19, 2020, leading to blindness in Langston's right eye, in violation of the Eighth Amendment.

For these reasons, the court GRANTS the summary judgment motion (ECF 18) and DISMISSES Sgt. Darrell Martin WITHOUT PREJUDICE.

SO ORDERED on July 14, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT